Morphy, J.
This appeal is taken from a judgment of non-suit, rendered in a petitory action brought to recover the possession of a slave held by the defendant, Catharine Bein, under a claim of conveyance from one Francis Lockwood. The petitioner claims as usufructuary, under the will of Jacob Manumishon, a free man of color, to whom the slave formerly belonged, and also as proprietor by inheritance from her daughter, Maria, the wife of said Francis Lockwood, who and her husband were, under the same will, the universal legatees of the testator. The case turns upon the construction to be put upon the fifth clause of the will of Manumishon; but to be properly understood, it must be taken in connection with the two preceding clauses. They are as follows, to wit:
“ Third. I give, devise and bequeath, to Aimée, my faithful and beloved friend, whom I emancipated twenty years ago, the premises in which I now reside in Magazine street, No. 244, in the city of New Orleans, for and during the term of her natural life, with all interests, rents, issues and profits, that may arise therefrom, to her own use and benefit.
u Fourth. Then I give, devise and bequeath, to Maria, her *147 daughter, wife of Francis Lockwood, living in the said city, and pursuing the business of a stevedore, on the levée in the said city, all the aforesaid premises and appurtenances in fee simple, to her own use and benefit forever.
“ Fifth. All my other effects, real and personal, moneys, bonds, notes and obligations of whatever nature and'kind, to Maria, the wife of the aforesaid Francis Lockwood, and to Francis Lockwood, in equal proportions as aforesaid, after the decease of my beloved friend Aimée, should she be the survivor; and the survivor or survivors of the said legatees, be which of them it may, shall inherit the whole.”
The inferior Judge was of opinion, that under this will, the plaintiff was without any title to the slave, either as usufructuary or as owner. In this opinion we agree so far as relates to the ownership of the slave claimed by the plaintiff, as derived by inheritance from her daughter, Maria. The will contained a universal legacy to Maria Lockwood and to her husband, Francis Lockwood, should they both survive the plaintiff, or to the survivor of these two legatees, should only one of them survive the plaintiff. Maria Lockwood having died in July, 1841, the testamentary disposition lapsed as to her and her heirs, it being made on a condition depending on an uncertain event, to wit, the survivorship of the plaintiff and of her husband. Civ. Code, art. 1691. The bequest itself, moreover, by its very terms gives the whole property to the survivor of these two legatees. In fact this part of the claim seems to have been abandoned by the appellant’s counsel; but he contends that, under a proper construction of the will, she is entitled to the usufruct of the property, real and personal, left by the deceased, and which, after her death, is to go to Francis Lockwood, if he survives her. The fifth clause of this will does not, in terms, give the -plaintiff the usufruct she claims, but on an attentive examination of that instrument, and from its whole tenor, it can be satisfactorily inferred that such was the meaning and intention of the testator, notwithstanding the inaccurate and bungling manner in which it is drawn up. It clearly gives nothing to Maria, or to Lockwood, before the death of Aimée. Are we to suppose that the testator made no disposition as to what should become of his property, or who should *148 enjoy it, from the time of his death to that Aimée’s, which might be a period of many years; and that he intended to leave the property without any legal owner or possessor, during that uncertain space of time ? This hypothesis, in itself so extremely improbable, is we think excluded by the terms of the will, when attentively considered. The third, fourth and fifth clauses of that instrument, which embraces all the legacies it contains, had evidently a close connection with each other in the mind of the testator, and must be taken and examined together. In the first he gives to the plaintiff, in express words, the enjoyment, during the term of her natural life, of the premises in which he resided» In the second he gives the same property in fee simple to Maria, the daughter of the plaintiff; and in the third clause, after bequeathing his property, real and personal, to Maria, and Francis Lockwood, her husband, in equal portions, he adds, “ as aforesaid, after the death of my beloved friend Aimée these words evidently refer to the two clauses immediately preceding, by which he had given to the plaintiff, in express terms, the usufruct of the property, which, after her death, was to belong to Maria in fee simple. They show, we think, that his intention was the same in relation to his other property, real and personal, which after her death was to be divided between Maria and Lockwood, or to go to the survivor of these legatees ■ but which, in the mean time, was to be enjoyed by Aimée, in the same manner as provided for in the third clause of the.will. This construction, which gives effect to every word used in the instrument, is more consonant to reason and to the probable intention of the testator. Civ. Code, arts. 1705, 1700.
It is, therefore, ordered, that the judgment of the District Court be reversed, and that this case be remanded to be proceeded in according to law; the appellee to pay the costs of this appeal.